UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>        Plaintiff,<br><br>    v.<br><br>LITTLE ORCHARD BUSINESS PARK OWNERS ASSOCIATION,<br><br>        Defendant. | Case No. 20-cv-06584-SVK<br><br>**ORDER ON DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Re: Dkt. No. 27 |

In this Americans with Disabilities Act ("ADA") case, Plaintiff Scott Johnson alleges that he encountered barriers to access in the parking lot of the Little Orchard Business Park and with respect to door hardware and sales counters at California's Finest Detail Supply. Dkt. 23 (First Amended Complaint ("FAC")). The Defendants originally named in the suit were Straight Arrow Properties, LLC ("Straight Arrow") and Little Orchard Business Park Owners Association (the "Association"). *Id.* Plaintiff has dismissed Straight Arrow from the case. Dkt. 12, 26. The Association now moves to dismiss the FAC under Rule 12(b)(6) for failure to state a claim. Dkt. 27.[1] All parties remaining in the case have consented to the jurisdiction of a magistrate judge. Dkt. 7, 21.

Pursuant to Civil Local Rule 7-1(b), the Court deems this matter suitable for determination without oral argument. For the reasons that follow, the Association's motion to dismiss the FAC is **GRANTED WITH LEAVE TO AMEND.**

////

////

---

[1] The Association filed two notices of motion in connection with its motion to dismiss the FAC. Dkt. 27, 33. Dkt. 33 is hereby terminated as duplicative of Dkt. 27.

## I. BACKGROUND

Plaintiff's allegations relate to his visits to the Little Orchard Business Park in January 2020, March 2020, and July2020. FAC ¶ 8. He alleges that he went to the site on those dates "with the intention to avail himself of its goods or services, including at the California's Finest Detail Supply." *Id.* Plaintiff alleges that Straight Arrow and the Association "owned portions of the real property located at or about 1847 Little Orchard St, San Jose, California, and did between January 2002 and July 2020," although the FAC does not specifically state that the Little Orchard Business Park or California's Finest Detail Supply are located at that address. *Id.* ¶ 2. Plaintiff further alleges that the Association "operates all the commercial common areas including the relevant parking spaces challenged in this case." *Id.* ¶ 3. Plaintiff's allegations relate to the parking lot at the office park (*id.* ¶¶ 10-16) and the door hardware and sales counters at California's Finest Detail Supply (*id.* ¶¶ 17-21).

Following Plaintiff's filing of the original complaint in this case, Plaintiff dismissed Defendant Straight Arrow. Dkt. 12. The remaining Defendant, the Association, filed a motion to dismiss the original complaint. Dkt. 15. Plaintiff filed the FAC in lieu of opposing the Association's motion to dismiss the original complaint. Dkt. 23, 24. The FAC again named Straight Arrow as a Defendant, despite Plaintiff's earlier dismissal of that Defendant. Following the filing of the FAC, Plaintiff again dismissed Straight Arrow. Dkt. 26.

The FAC contains causes of action for violation of the ADA and California's Unruh Civil Rights Act. Dkt. 23. The Association now moves to dismiss the FAC. Dkt. 27-31 (Motion and supporting documents); Dkt. 35 (Reply). Plaintiff opposes the motion. Dkt. 33.

## II. LEGAL STANDARD

Under Rule 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. In ruling on a motion to dismiss, the court may consider only "the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice." *Metzler Inv. GmbH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008). In deciding whether the plaintiff has stated a claim, the court must assume the plaintiff's allegations are true and draw all inferences in the plaintiff's favor. *Usher v. City of*

*L.A.*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted).

To survive a motion to dismiss under Rule 12(b)(6), the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Leave to amend must be granted unless it is clear that the complaint's defects cannot be cured by amendment. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

## III. DISCUSSION

### A. Request for Judicial Notice

In deciding a motion to dismiss under Rule 12(b)(6), the Court normally cannot consider matters outside of the pleadings without converting the motion into a motion for summary judgment. *See* Fed. R. Civ. P. 12(b)(6); 12(d); *see also Ramirez v. United Airlines, Inc.*, 416 F. Supp. 2d 792, 795 (N.D. Cal. 2005). However, the Ninth Circuit has held courts may consider materials submitted with and attached to the complaint. *U.S. v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011). A court may also consider unattached evidence on which the complaint "necessarily relies" if: "(1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document." *Id.* The Court may also "take judicial notice of documents on which allegations in the complaint necessarily rely, even if not expressly referenced in the complaint, provided that the authenticity of those documents is not in dispute." *Tercica, Inc. v. Insmed Inc.*, No. C 05-5027 SBA, 2006 WL 1626930, at *8 (N.D. Cal. June 9, 2006) (citation omitted).

In support of it motion to dismiss, the Association asks the Court to take judicial notice of three documents: (1) the enabling declaration for the Association, recorded May 15, 1986 in the records of the County of Santa Clara; (2) the original complaint in this case; and (3) the FAC in this case. Dkt. 30. The Court takes judicial notice of the enabling declaration because it is a

3

1 recorded document and is properly the subject of judicial notice. *Quinto v. JPMorgan Chase Bank*, No. 11-CV-02920-LHK, 2011 WL 6002599, at *5 (N.D. Cal. Nov. 30, 2011). It is not necessary for the Court to judicially notice the original complaint or FAC filed in this case because they are already properly before the Court as part of the case record. *See Perez v. Auto Tech. Co.*, No. CV 13-0678 MMM (VBKx), 2014 WL 12588644, at *2 (C.D. Cal. July 14, 2014). Indeed, the FAC "is the very subject of [the Association's] motion." *Mulato v. Wells Fargo Bank, N.A.*, 76 F. Supp. 3d 929, 941 (N.D. Cal. 2014).

### B. ADA Claim

To prevail on a claim for violation of the ADA, a plaintiff must show that (1) he is disabled within the meaning of the ADA; (2) the defendant is a public entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of her disability. *Arizona ex rel Goddard v. Harkins Amusement Enters., Inc.*, 603 F.3d 666, 670 (9th Cir. 2010). The Association argues that Plaintiff failed to adequately plead facts in the FAC to show that (1) the Association is an owner of a property or an owner, lessor, lessee, or operator of a place of business; (2) the real property owned by the association is the property where Plaintiff's alleged damages occurred; or (3) the Association is a public accommodation. Dkt 28 at 3-7.

The Court finds that the allegations of the FAC are insufficient in several respects. As an initial matter, the Court notes that neither party has described the nature of the property involved in this action in any detail. From the limited information available to the Court, it appears that both commercial buildings and condominiums are located at the site. *See* FAC ¶ 18, 21 (referring to "sales counters" at Finest Detail and Supply); Dkt. 28 at 2-3 ("The Association is a nonprofit mutual benefit corporation created to manage the Association project for the benefit of the individual condominium owners"); Ex. 1 to Dkt. 30 at Preamble ¶ B ("The property will contain six (6) commercial buildings with twenty-seven (27) condominiums …); *id.* at Article II § 2.2(B) (referring to condominium units and common area.)

First, the FAC does not adequately identify the location where the alleged ADA violations occurred. Plaintiff's accessibility complaints focus on a parking lot at the "Little Orchard

4

Business Park" as well as sales counters and door hardware at a location identified as "California's Finest Detail Supply." FAC ¶¶ 11, 17. The FAC never identifies the location of the Little Orchard Business Park or California's Finest Detail Supply.

Second, and relatedly, the FAC does not establish what interest, if any, the Association has in the property where the alleged ADA violations occurred. According to the FAC, the Association, along with now-dismissed Defendant Straight Arrow, at relevant times "owned portions of the real property located at or about 1847 Little Orchard St, San Jose, California." FAC ¶ 2. However, as discussed above, the FAC does not allege that the Little Orchard Business Park or California's Finest Detail Supply, where the alleged ADA violations occurred, are located at this address. Moreover, this vague allegation is insufficient to establish that the Association (as opposed to Straight Arrow or another person or entity) owns the portions of the property that are at issue in this lawsuit. Contrary to the suggestion in the Association's motion to dismiss, Plaintiff is not necessarily required to "incorporate[] a deed to the real property into his FAC or provide[] some other documentation to support his conclusion that the Association is the owner of the real property." Dkt. 28 at 4. However, Plaintiff's vague assertion as to the Association's ownership of unspecified "portions" of the Little Orchard Street property is insufficient under the facts of this case.

This defect is not remedied by the fact that the FAC also alleges that the Association "operates all the commercial common areas including the relevant parking spaces challenged in this case." *Id.* ¶ 3. ADA liability extends to a defendant who operates a place public of accommodation, even if the defendant does not own the property. *See Arizona ex rel Goddard*, 603 F.3d at 670. Plaintiff argues that "an operator is any entity that has sufficient 'control' or 'management' of the operation that it has the 'power to facilitate any necessary accommodation' or is 'in a position to ensure nondiscrimination' or has the 'authority' to 'instruct' those carrying out the operations. Dkt. 34 at 5 (quoting *Lentini v. Cal. Ctr. For the Arts,* Escondido, 370 F.3d 837, 849 (9th Cir. 2004)). However, the FAC does not contain any facts supporting a conclusion that the Association is an "operator" under this legal standard. Especially given the uncertainties discussed above as to the location and configuration of the property at issue, the bare assertion that

5

the Association "operates" the relevant commercial and parking areas is not sufficient.

Third, the FAC also fails to adequately allege that property owned and/or operated by the Association (if any) is a public accommodation. The FAC alleges that "California's Finest Detail Supply and the Little Orchard Business Park itself is a place of public accommodation, facilities open to the public, a and a business establishment (sic)." FAC ¶ 9. However, this allegation is conclusory and is insufficient, especially in light of the fact (discussed above) that the site that is the subject of the Association's enabling declaration appears to include both condominiums and commercial units. "Under federal law, apartments and condominiums do not, generally speaking, constitute public accommodations within the meaning of the ADA," however, certain portions of a residential building may be covered by the ADA if "made available to the general public for rental or use." *Macias v. KDF Foxdale LP*, No. 5:18-cv-07712-EJD, 2020 WL 2097607, at *4 (N.D. Cal. May 1, 2020 (citation omitted). Plaintiff must supply more information about where the alleged ADA violations occurred and the factual basis for why those areas constitute a public accommodation.

### C. Unruh Civil Rights Act Claim

California's Unruh Civil Rights Act provides in relevant part that "[a]ll persons within [California] are free and equal, and no matter what their … disability … are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ. C. § 51(b). In general, the Unruh Act prohibits only "intentional discrimination in access to public accommodations." *Love v. Mariott Ownership Resorts, Inc.*, No. 20-cv-07523-CRB, 2021 WL 1176674, at *7 (N.D. Cal. Mar. 29, 2021) (quoting *Harris v. Capital Growth Investors XIV*, 805 P.2d 873, 874 (Cal. 1991)). However, a violation of the ADA is a per se violation of the Unruh Act regardless of whether the discrimination was intentional. Cal. Civ. C. § 51(f); *see also Love*, 2021 WL 1176674, at *7 (citation omitted).

Plaintiff's Unruh Act claim does not allege that the Association intentionally discriminated against him. Instead, that claim is premised solely on the alleged violation of the ADA. *See* FAC ¶ 41. Because Plaintiff has failed to adequately allege a violation of the ADA for the reasons discussed above, the Association's motion to dismiss the Unruh Act claim is **GRANTED WITH**

**LEAVE TO AMEND.**

IV. **CONCLUSION**

For the foregoing reasons, the Court **ORDERS** as follows:

1. The Association's motion to dismiss the FAC is **GRANTED WITH LEAVE TO AMEND.**
2. If Plaintiff wishes to attempt to address the deficiencies identified in this order, and if he can do so in compliance with the standard set forth in Federal Rule of Civil Procedure 11, he may file a Second Amended Complaint ("SAC") within **14 days of the date of this order**.
3. Following the filing of a SAC, the Association must file a response within **14 days**.
4. If the Association responds by filing a motion to dismiss the SAC, the normal briefing schedule under Civil Local Rule 7 will apply. The Court will advise the parties if a hearing is necessary.

**SO ORDERED.**

Dated: May 3, 2021

SUSAN VAN KEULEN
United States Magistrate Judge