UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LITTLE ORCHARD BUSINESS PARK OWNERS ASSOCIATION, et al.,<br><br>　　　　　Defendants. | Case No. 20-cv-06584-SVK<br><br>**ORDER ON MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Re: Dkt. No. 42 |

　　　　In this Americans with Disabilities Act ("ADA") case, Plaintiff Scott Johnson alleges that he encountered barriers to access in the parking lot of the Little Orchard Business Park and with respect to door hardware and sales counters at California's Finest Detail Supply.  Dkt. 38 (Second Amended Complaint ("SAC")).  Defendant Little Orchard Business Park Owners Association (the "Association") now moves to dismiss the SAC under Rule 12(b)(6) for failure to state a claim. Dkt. 42.  All parties remaining in the case have consented to the jurisdiction of a magistrate judge. Dkt. 7, 21.

　　　　Pursuant to Civil Local Rule 7-1(b), the Court deems this matter suitable for determination without oral argument.  For the reasons that follow, the Association's motion to dismiss the SAC is **DENIED.**

I.　　**BACKGROUND**

　　　　The factual background is set forth more fully in the Court's Order granting the Association's motion to dismiss Plaintiff's First Amended Complaint ("FAC") with leave to amend.  Dkt. 37.  Plaintiff's allegations relate to his visits to the Little Orchard Business Park in January 2020, March 2020, and July 2020.  SAC ¶ 9.  He alleges that he went to the site on those dates "with the intention to avail himself of its goods or services, including at the California's

Finest Detail Supply." *Id.* Plaintiff alleges that Defendants Robert Brent Hughes and Kathryn Marie Hughes, both of whom are Trustees of the Robert and Kathryn Hughes Living Trust dated November 18, 2014, "owned the real property that contains California's Finest Detail Supply located at or about 1847 Little Orchard St, San Jose, California" at the time of his visits and currently. *Id.* ¶ 2. Plaintiff alleges that "[a]ccording to the Little Orchard Business Park Enabling Declaration, Defendant Little Orchard Business Park Owners Association owned the commercial common areas in the business park, including lots 1 and 2, at the real property located at or about 1847 Little Orchard St, San Jose, California, between January 2020 and July 2020." *Id.* ¶ 4.[1] Plaintiff alleges that the Association currently "own[s] the common areas including lots 1 and 2 (but excluding parking spaced specifically assigned to the individual businesses)" at the property. *Id.* ¶ 5. Plaintiff also alleges that between January 2020 and July 2020 and currently, the Association operated all the common areas, including accessible parking, at the property. *Id.* ¶¶ 6-7.

Following Plaintiff's filing of the original complaint in this case, Plaintiff dismissed one of the original defendants, Defendant Straight Arrow Properties, LLC. Dkt. 12. The Association filed a motion to dismiss the original complaint (Dkt. 15), and Plaintiff filed the FAC in lieu of opposing the Association's motion. Dkt. 23, 24. The FAC again named Straight Arrow as a Defendant, despite Plaintiff's earlier dismissal of that Defendant. Following the filing of the FAC, Plaintiff again dismissed Straight Arrow. Dkt. 26. On May 3, 2021, the Court dismissed the FAC with leave to amend. Dkt. 37 (the "May 3 Order").

Plaintiff then filed the SAC. Dkt. 38. The SAC contains causes of action for violation of the ADA and California's Unruh Civil Rights Act. *Id.* In addition to naming the Association as a Defendant, the SAC adds two new Defendants: Robert Brent Hughes and Kathryn Marie Hughes, both of whom are Trustees of the Robert and Kathryn Hughes Living Trust dated November 18,

---

[1] In support of its motion to dismiss, the Association asks the Court to take judicial notice of the enabling declaration for the Association, recorded May 15, 1986 in the records of the County of Santa Clara. Dkt. 43-2. The Court already took judicial notice of the enabling declaration in connection with the Association's motion to dismiss the FAC. Dkt. 37.

1   2014 (the "Hughes Defendants"). *Id.* ¶¶ 2-3. The Hughes Defendants filed an answer to the SAC. Dkt. 49.

The Association now moves to dismiss the SAC. Dkt.42-43 (Motion and supporting documents); Dkt. 45 (Reply). Plaintiff opposes the motion. Dkt. 44.

## II.   LEGAL STANDARD

Under Rule 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. In ruling on a motion to dismiss, the court may consider only "the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice." *Metzler Inv. GmbH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008). In deciding whether the plaintiff has stated a claim, the court must assume the plaintiff's allegations are true and draw all inferences in the plaintiff's favor. *Usher v. City of L.A.*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted).

To survive a motion to dismiss under Rule 12(b)(6), the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Leave to amend must be granted unless it is clear that the complaint's defects cannot be cured by amendment. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

## III.   DISCUSSION

### A.   ADA Claim

The Court's May 3 Order found the allegations of the FAC insufficient in the following respects: (1) although Plaintiff's accessibility complaints focused on a parking lot at the "Little Orchard Business Park" as well as sales counters and door hardware at a location identified as "California's Finest Detail Supply," the FAC did not adequately identify those locations; (2) the FAC did not establish what interest, if any, the Association has in the property where the alleged

3

1    ADA violations occurred; and (3) the FAC failed to adequately allege that property owned and/or
2    operated by the Association (if any) is a public accommodation. Dkt. 37.

3          The Association now asserts that Plaintiff's SAC fails to cure the defects identified in the
4    May 3 Order. Dkt. 43. The Court disagrees. The Association argues that although the SAC states
5    that Plaintiff "went to the Little Orchard Business Park in January 2020, March 2020, and July
6    2020" it "never identifies where the Little Orchard Business Park is located." Dkt. 43 at 4 (citing
7    SAC ¶ 9). Relatedly, the Association argues that although Plaintiff alleges that the Association
8    owns portions of the real property located at 1847 Little Orchard Street in San Jose, Plaintiff does
9    not connect that real property to the location of any alleged discrimination, *i.e.*, to the Little
10   Orchard Business Park. *Id*. at 5 (citing SAC ¶ 9). However, paragraphs 4-7 and 9-10 of the SAC
11   contain more detailed allegations regarding the Association's interest in the Little Orchard
12   Business Park and the location of that business park. The SAC also adds allegations about the role
13   of the new Hughes Defendants in the property at issue, which helps distinguish the responsibilities
14   of those Defendants from those of the Association. *See, e.g.,* SAC ¶¶ 2-3, 18, 22.

15         The Association also argues that the SAC fails to properly allege that the Association is an
16   owner or operator of a place of public accommodation. Dkt. 43 at 5. Many of the Association's
17   public accommodation arguments are based on the same contention, rejected above, that the SAC
18   does not sufficiently identify the location where the alleged discrimination occurred. *Id.* at 6-7.
19   Other arguments by the Association fault Plaintiff for failing to provide "any further factual
20   content" to support his allegation that the Association is an owner or operator of a place of public
21   accommodation. *Id.* At this stage of the litigation, however, the Court concludes the more
22   detailed allegations of the SAC are sufficient under the relevant notice pleading standard. *See,*
23   *e.g.,* SAC ¶ 10.

### B. Unruh Civil Rights Act Claim

25         In addition to dismissing Plaintiff's ADA claim, the May 3 Order also dismissed Plaintiff's
26   claim under the California's Unruh Civil Rights Act claim because it was premised solely on the
27   alleged violation of the ADA. Dkt. 37 at 6-7. Because Plaintiff has now adequately alleged a
28   violation of the ADA for the reasons discussed above, the Association's motion to dismiss the

4

Unruh Act claim is **DENIED.**

IV. **CONCLUSION**

For the foregoing reasons, the Court **ORDERS** as follows:

1. The Association's motion to dismiss the SAC is **DENIED.**
2. The Association's answer to the SAC is due within **14 days** of the date of this Order.
3. The requirements and deadlines of General Order 56 remain in place.

**SO ORDERED.**

Dated: August 6, 2021

_____
SUSAN VAN KEULEN
United States Magistrate Judge